**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| THE ALABAMA-COUSHATTA TRIBE OF TEXAS | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:12-CV-83-JRG-RSP |
| UNITED STATES OF AMERICA, et al. | § | |

ORDER AND REASONS

Currently before the Court are "Plaintiff's Objections to Magistrate Judge's Report and Recommendation" (Dkt. No. 28), filed by The Alabama-Coushatta Tribe of Texas ("the Tribe") on March 25, 2013. The Tribe objects to the recommendation that the Court grant the Motion to Dismiss filed by the United States of America, Secretary of Interior Kenneth Lee Salazar, and Secretary of Agriculture Thomas J. Vilsack (collectively "the Government") based on a lack of subject matter jurisdiction.

The Tribe identifies three asserted errors of law in the Report and Recommendation ("R & R"): (1) that the waiver of sovereign immunity in §702 of the Administrative Procedure Act ("APA") is limited to actions brought under §704; (2) that the Tribe's complaint constitutes a "programmatic challenge" not authorized by the APA; and (3) that the Mandamus Act, 28 U.S.C. §1361, does not provide a waiver of sovereign immunity for this case. Each issue will be addressed in turn.

Turning to the first issue raised, the Court notes that the R & R does not state—and is not read by this Court to imply—that the waiver of sovereign immunity contained in §702 is limited to actions under §704. Indeed, the Fifth Circuit has held that "the 1976 amendment to that statute [§702] waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, *if the agency conduct is otherwise subject to judicial review.*" *Sheehan v. Army and Air Force Exchange Service,*

1

619 F.2d 1132, 1139 (5th Cir. 1980), *reversed on other grounds*, 102 S.Ct. 2118 (U.S. 1982) (emphasis

supplied).  The Magistrate Judge found that the Tribe had not shown any other avenue for judicial

review of the agency action to take advantage of the waiver in §702.  The Fifth Circuit is clear regarding

the elements necessary to establish a violation of the Nonintercourse Act, and the Tribe cannot allege

facts satisfying the fourth element.  *Tonkawa Tribe of Oklahoma v. Richards,* 75 F.3d 1039, 1044 (5th Cir.

1996) (Parker, J.)  To argue, as the Tribe does, that the fiduciary duty imposed upon the Government by

the Nonintercourse Act is meaningless if federal agencies aren't subject to unrestricted suit, is to

misunderstand the concept of sovereign immunity.  (Dkt. No. 28 at n.3).  Sovereign immunity assumes

that there will often be no judicial remedy when the sovereign fails to fulfill a duty.

As to the second issue, which does deal with the scope of review authorized by the APA, the

Fifth Circuit's *en banc* holding in *Sierra Club v. Peterson*, 228 F.3d 559 (5th Cir. 2000) (*en banc*) forecloses

the arguments urged by the Tribe.  There is simply no principled distinction between the claims of the

Tribe in this case and those of the Sierra Club in *Peterson.*

Regarding the third and final issue, the Tribe does not dispute that the Mandamus Act does not

reach discretionary conduct, nor does it dispute that the relief it seeks to compel (considering and

accommodating the Tribe's aboriginal title) is discretionary.  Instead, the Tribe argues that the

Government lacked the discretion not to exercise its discretion.  Plaintiffs can cite no authority for

turning a discretionary act into a non-discretionary one simply by claiming that the Defendants failed to

exercise their discretion at all.

Accordingly, the Objections by the Tribe are overruled and the Court hereby adopts the Report

and Recommendation of the Magistrate Judge (Dkt. No. 24) filed on March 8, 2013.

The Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative,

for Failure to State a Claim (Dkt. No. 7) is GRANTED.

**So ORDERED and SIGNED this 27th day of March, 2013.**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE